UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GEORGIA GLASSIE,<br>    Plaintiff,<br><br>    v.<br><br>PAUL DOUCETTE, et al.,<br>    Defendants. | :<br>:<br>:<br>:   C.A. No. 20-493-MSM<br>:<br>:<br>: |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case arises out of an acrimonious family dispute over the property of decedent Donelson Glassie, whose estate remains mired in Rhode Island state courts fourteen years after his death in 2011. See Glassie v. Doucette, 55 F.4th 58, 62 (1st Cir. 2022). Now pending before the Court is the motion (ECF No. 100) of decedent's daughter and estate beneficiary, Plaintiff Georgia Glassie, to compel production of documents that were withheld by decedent's executor, Defendant Paul Doucette, in reliance on the attorney-client privilege. Regarding the scope of the attorney-client privilege that is applicable to the federal and state law claims/defenses in issue in this case pursuant to Fed. R. Evid. 501, the parties agree, and the Court concludes, that the legal contours of the federal common law of attorney-client privilege[1] as applicable in this case to the communications of Defendant Doucette with his attorneys and advisors (including without limitation, his financial advisors and accountants who are necessary or highly useful to the legal consultation pursuant to United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961)), and to the work product of those attorneys, are consistent with the legal principles limned under state law in

---

[1] While this case includes federal law and state law claims, the parties agree that the Court should apply federal common law to determine the scope of the applicable privilege. See Cumby v. Am. Med. Response, Inc., No. 18-cv-30050, 2019 WL 1118103, at *6 (D. Mass. Mar. 11, 2019).

the Rhode Island Superior Court's persuasive (though unpublished) decisions issued on September 23 and October 11, 2024, in Metcalf v. Dempze, Case No. PC-2021-05737 (R.I. Super. Ct.) (respectively, Metcalf I and Metcalf II).

Applying these principles, including the attorney-client privilege's "exception to the fiduciary exception," see Metcalf I at 10-12 (favoring production to estate beneficiary of executor's privileged communications for her benefit unless and until her interests diverge from those of executor in that litigation is reasonably anticipated), the Court finds that there has long been a divergence of interest between Plaintiff, a member of the so-called "Jamestown Clan," which consists of decedent's second wife and her children, who were disfavored under the will, and the executor, as well as other beneficiaries who Plaintiff contends were favored under the will, including decedent's children with his first wife and one of decedent's business partners (the "favored beneficiaries"). See Glassie, 55 F.4th at 62; ECF No. 1 ¶ 31. Confirming that litigation regarding decedent's estate plan as expressed in his will by any of the "Jamestown Clan," including Plaintiff, was reasonably anticipated by the executor from the very outset of the administration of this estate is the fact that decedent himself chose as his executor the spouse of a child of the first wife and that decedent himself (as the executor understood) tried – unsuccessfully – to avoid anticipated litigation by including in his will an *in-terrorem* clause directing that any beneficiary who becomes an "adverse party in a proceeding for its probate" shall forfeit any interest in the estate. See Glassie v. Doucette, C.A. No. 20-cv-493-MSM-PAS, 2024 WL 3934255, at *2 (D.R.I. Aug. 26, 2024), adopted by Text Order (D.R.I. Dec. 16, 2024); see ECF No. 121-3 at 4 (executor expressing to Plaintiff his interpretation of *in-terrorem* clause as reflecting decedent's expectation that litigation should be anticipated from the outset of administration – "[decedent] knew he was not recognizing all of his family/beneficiaries equally

– and that he expected someone may object to his decisions in his Will."). This finding is amply supported by other evidence presented in connection with this motion. E.g., ECF No. 122-4 (Plaintiff's testimony regarding acrimony beginning in 2011 and her funding of litigation between "Jamestown Clan" and executor); ECF No. 122-6 (on November 7, 2011, Plaintiff urged her mother to engage attorney to represent "our interests"); ECF No. 122-8 (Plaintiff's July 2012, email to attorney about engagement to challenge executor's administration of estate – to include distribution and taxes – that decedent had "allocated in unequal parts"); ECF No. 122-11 (December 2012 email from Plaintiff to executor advising him of her belief that "we need professional assistance to guide us through the many legal issues resulting from our father's death"); ECF No. 122-14 (describing "common interest" of "Jamestown Clan" since appointment of executor).

     Based on this evidence, the Court specifically finds that, in the circumstances here, particularly in light of the unusual, complex and unequal allocation of assets laid out in the decedent's will, the divergence of interest between the executor, Defendant Doucette, and the "Jamestown Clan," including Plaintiff, is pervasive, potentially impacting every decision of the executor since he was appointed and giving rise to his reasonable anticipation of litigation beginning with his appointment by any of the beneficiaries in the "Jamestown Clan," including Plaintiff. The Court further finds that, since at least 2011, Plaintiff has actively participated in discussing, considering and funding litigation against the executor brought by herself and/or others in the "Jamestown Clan" with her involvement, as well as that Plaintiff's delay in becoming directly adverse to the executor until 2018/2019 is not the result of the absence of a material divergence of interest.

In light of these principles and findings, the Court has performed its *in camera* review of a sampling of documents withheld by Defendant Doucette based on the attorney-client privilege/work product doctrine as defined above and finds that, as to each, the privilege asserted is sustained.[2] Further, having also reviewed certain documents designated for *in camera* review that Plaintiff did not realize had previously been produced (Hearing Exhibits 1-3), the Court finds that these reflect that Defendant Doucette's approach to discovery has been nuanced and consistent with his obligations to produce relevant materials unless the document at issue is privileged; the Court does not find that these documents present any reason to order further production of documents withheld on the basis of privilege. The Court further finds that the state court orders (ECF Nos. 100-6, 100-7) based on state law that entered in state court litigation regarding this estate, which directed the executor to produce certain documents claimed to be protected by the state law attorney-client privilege, were largely a sanction arising from the insufficiency of the privilege invocation in the pertinent privilege log despite repeated orders of the court and not a determination on the merits that such documents are not privileged. The Court further finds that, to the extent that the state court was applying state privilege law, its approach does not align with the principles of federal common law privilege that apply to this case in this Court. Therefore, the Court declines to issue a sweeping order that categorically strips away the privilege based on collateral estoppel arising from these state court orders. Finally, Plaintiff's request for fees in her Supplemental Brief (ECF No. 121 at 20) is denied.

---

[2] To preserve the record for further review and/or appeal, Defendant Paul Doucette is hereby ordered to file under seal (Court-access only) his *in camera* submission (consisting of four withheld documents, two context documents and a brief context explanation) dated September 27, 2024, which was delivered to Chambers for *in camera* review pursuant to the Court's text order of August 27, 2024.

Based on the foregoing, the motion (ECF No. 100) of Plaintiff Georgia Glassie to compel production of documents by Defendant Paul Doucette that were withheld based on the attorney-client privilege is hereby DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 3, 2025